**MODIFY and AFFIRM; and Opinion Filed January 3, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00461-CR

### SHERWIN BASIL HARE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 401st Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 401-82553-2012

## MEMORANDUM OPINION
Before Justices Lang, Brown, and Whitehill
Opinion by Justice Brown

Sherwin Basil Hare appeals his conviction, following adjudication of his guilt, for assault involving family violence. The trial court assessed punishment at confinement in the county jail for 275 days. On appeal, appellant's attorney filed a brief in which she concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. We advised appellant of his right to file a pro se response, but he did not file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

We have reviewed the record and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal.

Although not arguable issues, we note several errors in the judgment adjudicating guilt. Appellant was indicted for the third-degree felony offense of assault involving family violence by impeding the breath. *See* TEX. PENAL CODE ANN. § 22.01(a), (b)(2)(B) (West Supp. 2016). However, appellant pleaded guilty to the lesser included Class A misdemeanor offense of assault involving family violence. *Id.* § 22.01(a), (b). The trial court placed appellant on deferred community supervision for one year for the Class A misdemeanor offense, and later adjudicated appellant guilty of the Class A misdemeanor offense. The judgment adjudicating guilt incorrectly states the offense for which appellant was convicted as "Assault Fam/House Mem Impede Breath/Circulat," the degree of the offense as "3rd Degree Felony," and the statute for the offense as "Section 22.01(b)(2)(B) Penal Code." Accordingly, on our own motion, we modify the judgment adjudicating guilt to show the offense for which appellant was convicted is "Assault/Family Violence," the degree of the offense is "Class A Misdemeanor," and the statute for offense is "Penal Code 22.01." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

Further, the trial court's judgment adjudicating guilt incorrectly reflects there was a plea bargain agreement. The record shows appellant entered an open plea of true to the allegations recited in the motion to adjudicate. Accordingly, we modify the section of the judgment entitled "terms of plea bargain" to state "open." *See id.*

As modified, we affirm the trial court's judgment adjudicating guilt. We order the trial court to enter an amended judgment reflecting these modifications.

/Ada Brown/

ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

160461F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

# JUDGMENT

SHERWIN BASIL HARE, Appellant

No. 05-16-00461-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas
Trial Court Cause No. 401-82553-2012.
Opinion delivered by Justice Brown. Justices Lang and Whitehill participating.

Based on the Court's opinion of this date, the judgment adjudicating guilt of the trial court is **MODIFIED** as follows:

The section entitled "Statute for Offense" is modified to show "Penal Code 22.01."

The section entitled "Offense for which Defendant Convicted" is modified to show "Assault/Family Violence."

The section entitled "Degree" is modified to show "Class A Misdemeanor."

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.  We **ORDER** the trial court to enter an amended judgment reflecting these modifications.

Judgment entered this 3rd day of January, 2017.